**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BERNARD JOHN MANTZKE,

       Petitioner–Appellant,

v.

GREG PROVINCE, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents–Appellees.

No. 09-6163
(D.C. No. 5:08-CV-01056-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

_____

Bernard Mantzke, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. For substantially the same reasons set forth by the district court, we deny a

COA and dismiss.

**I**

On December 28, 1999, police stopped a car driven by Mantzke for making a left

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

turn without signaling. One of the officers involved in the stop was travelling with a drug-sniffing dog that alerted while a ticket was being issued. Officers then searched the car and discovered a Harley Davidson satchel containing smoking pipes and more than twenty grams of methamphetamine. After being informed of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Mantzke admitted the drugs in the satchel belonged to him. However, he refused to sign a <u>Miranda</u> waiver form.

Mantzke was convicted in Oklahoma state district court of trafficking in illegal drugs, unlawful possession of drug paraphernalia, and failure to signal. He was sentenced to life in prison without the possibility of parole. His convictions and sentence were affirmed on direct appeal, and Mantzke was denied state post-conviction relief. Mantzke then filed a § 2254 petition in the United States District Court for the Western District of Oklahoma. The district court denied habeas relief and declined to grant a COA. Mantzke now seeks a COA from this court.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Mantzke to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v.</u>

McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Mantzke contends that he never knowingly and intentionally waived his Miranda rights. According to Mantzke, he never signed a waiver form and never admitted that the drugs belonged to him. However, a police officer testified that he informed Mantzke of his Miranda rights, and that Mantzke thereafter admitted that he owned the drugs in the satchel. The jury apparently credited this testimony, and we are not free to overrule the jury's credibility finding on habeas review absent a showing of an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). Mantzke has made no such showing. Mantzke's argument that police testimony alone is insufficient evidence of a Miranda waiver is foreclosed by our decision in United States v. Gell-Iren, 146 F.3d 827, 830 (10th Cir. 1998) ("[A defendant's] failure to sign a waiver of rights form does not render his waiver involuntary.").

Mantzke also argues that he was denied effective assistance of counsel at both the trial and appellate stages. To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mantzke identifies three alleged errors by his counsel. First, he claims that his trial counsel failed to call his passenger as a witness. He asserts that the passenger would have testified that police were targeting her for harassment and that she was an employee at a Harley Davidson shop (suggesting the drugs, found in a Harley Davidson satchel, belonged to her). However, this information was introduced to the jury through other testimony. Given the substantial evidence of his guilt, Mantzke has not demonstrated that the failure to introduce this cumulative testimony resulted in prejudice.

Second, Mantzke argues that his appellate counsel was ineffective for failing to "raise the issues most likely to warrant relief." The only such issue advanced by Mantzke is his Miranda claim. Because we have determined this issue lacks merit, appellate counsel's decision not to raise it could not have been prejudicial.

Finally, Mantzke contends that both trial and appellate counsel were ineffective because they did not argue that the weight of the methamphetamine was below the statutory minimum to incur a trafficking charge. See Okla. Stat. tit. 63, § 2-415(C)(4) (requiring twenty grams). However, a chemist for the Oklahoma State Bureau of Investigation testified that the net weight of the methamphetamine found in the Harley Davidson satchel was 21.22 grams, and 20.92 grams after a sample was taken for analysis. A challenge to the quantity of methamphetamine would have been futile; accordingly, Mantzke cannot demonstrate prejudice on this issue.

## III

We **DENY** Mantzke's request for a COA and **DISMISS** the appeal.  Mantzke's

request to proceed in forma pauperis is **GRANTED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge